UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
Betty Mae Semeniuk

    Debtor,

Case No. 10-44396
Chapter 7
Hon. Walter Shapero

_____/

John Tweedie,

    Plaintiff-Appellee,

Case No: 14-12113
Hon. Victoria A. Roberts

vs

Betty Mae Semeniuk

    Defendant-Appellant.

_____/

## ORDER

**I.   INTRODUCTION**

Appellant Betty Mae Semeniuk ("Semeniuk") appeals the Bankruptcy Court Order granting partial summary judgment in favor of Appellee John Tweedie ("Tweedie") in an adversary proceeding, pursuant to 11 U.S.C. § 523(a)(2)(A). This matter has been fully briefed. The Court reviewed the law and rules and finds no reason to overturn the Bankruptcy Court's decision. For the reasons stated the decision is **AFFIRMED.**

**II.   BACKGROUND**

This case involves a $310,987.00 state court judgment and whether that debt should be non-dischargeable in Semeniuk's Chapter 7 bankruptcy case. The debt stemmed from a judgment entered against Semeniuk in the Antrim County Circuit Court, case number 2009-

8445-CK, on November 8, 2010, adopting an Arbitration Award by William E. Clark on November 1, 2010.

Tweedie entered into a business deal with Michael Hermoyian ("Hermoyian") and Semeniuk that went bad. Tweedie borrowed $363,297.58 from Alden State Bank to fund the threesome's retail fruit juice joint venture. Tweedie says Hermoyian and Semeniuk failed to use those funds as mutually intended, and instead diverted them for personal purposes.

After not being repaid, Alden State Bank sued Tweedie, Hermoyian and Semeniuk jointly and severally in state court for, *inter alia*, fraud, misrepresentation, and conversion. The parties agreed to arbitrate the action, but Hermoyian and Semeniuk immediately filed separate Chapter 7 bankruptcy petitions which automatically stayed proceedings. Tweedie filed and was granted a motion to lift the automatic stay for the limited purpose of completing the arbitration.

The arbitrator issued an extensive report of findings of fact and conclusions of law, including these:

> (1) At all pertinent times, Hermoyian, Semeniuk, [and their business entities] were alter egos of one another.
>
> (2) When the misrepresentations were made by Michael Hermoyian and Betty Semeniuk in order to obtain funds from Tweedie . . ., Hermoyian and Semeniuk knew them to be fals [sic] or made them recklessly and without regard to their truth or falsity and with the intent to defraud and deceive Tweedie. When the aforesaid non-disclosures occurred, Hermoyian and Semeniuk know [sic] or believed them to be material to Tweedie's decision to advance money and render services and know [sic] or believed that the non-disclosures would deceive and mislead Tweedie.
> . . .
> (7) The money advanced by Tweedie to Hermoyian, Semeniuk and their alter egos were obtained by false pretenses, false representations, and actual fraud of Hermoyian and Semeniuk.
> . . .
> (9) Hermoyian and Semeniuk's false assurances operated to defraud and deceive Tweedie. As a result, Tweedie continued to advance money and expend time on behalf of the business.
> . . .
> (11) Hermoyian and Semeniuk willfully, intentionally, fraudulently and through concerted action conspired among themselves to convert Tweedie's money and property rights . . . to defraud and deceive Tweedie.

> . . .
> (13) As a direct and proximate result of the acts and/or omissions committed by Michael Hermoyian and Betty Semeniuk, Third Party John Tweedie has been damaged and will continue to be damaged, including loss of money, property, reputation, and credit worthiness.

*In re Semeniuk,* No. 10-44396, 2012 WL 2726939, at *1-2 (Bankr. E.D. Mich. July 5, 2012).

The state court adopted and based its judgment on the arbitrator's report, stating:

> IT IS HEREBY ORDERED that . . . the November 1, 2010 findings, conclusions and award of Arbitrator William Clark, Esq., incorporated herein by this reference, are confirmed and adjudicated to be correct . . . is entered for John Tweedie and against Michael George Hermoyian and Betty Semeniuk, jointly and severally.

*Id.* at *2.

Tweedie brought his adversary proceedings against Hermoyian under § 523(a)(2), (a)(4), & (a)(6) and § 727(a)(2), (a)(3), (a)(4), & (a)(5). In his 70-page opinion, the Honorable Phillip J. Shefferly noted the difficulty encountered in trying to parse through the arbitrator's report. See *Tweedie v. Hermoyian* (In re Hermoyian), 466 B.R. 348, 366-67 (Bankr. E.D. Mich. 2012). Judge Shefferly ultimately ruled: "[T]he Court finds that the requirements of collateral estoppel have been met under § 523(a)(2)(A) based on misrepresentations and false pretenses, but not actual fraud, and Tweedie has met his burden of proof that the sum of $310,987.00 is a non-dischargeable debt." *Id.* at 381. Hermoyian appealed the ruling, saying he was entitled to a greater amount of non-dischargeable debt under § 523. However, before the District Court ruled, the parties settled via mediation.

Similarly, Tweedie brought an adversary proceeding against Semeniuk before the Honorable Walter Shapero who granted partial summary judgment, ruling that the same $310,987.00 is non-dischargeable for Semeniuk.

On appeal, Semeniuk argues that the Bankruptcy Court erred in granting Tweedie's motion for summary judgment because there were, *inter alia*, not findings of fact that were clear, definite, and unequivocal as to whether: (1) Semeniuk was in a business relationship with Tweedie; (2) Tweedie justifiably relied on her alleged representations; (3) Semeniuk's acts or

omissions proximately caused Tweedie's damages; and, (4) Semeniuk was an alter ego of the business entities.

### III. STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo. WesBanco Barnseville v. Rafoth* (In re Baker & Getty Fin. Servs., Inc.), 106 F.3d 1255, 1259 (6th Cir. 1997).

### IV. ANALYSIS

Tweedie's motion for summary judgment was grounded in the state court's judgment that adopted the arbitrator's report. The state court concluded that collateral estoppel applied and the "$310,987.00 owed to [Tweedie] by [Semeniuk] is nondischargeable under § 523(a)(2)(A) and a full trial thereon is thereby precluded." *Semeniuk* at *3.

In the Bankruptcy Court decision, Judge Shapero followed the Supreme Court's holding from *Montana v. United States*: "[u]nder collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted). Further, Judge Shapero followed the Sixth Circuit's rule that collateral estoppel applies in discharge exception proceedings pursuant to § 523(a). *Semeniuk* at *4. Under this doctrine, the Court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Judge Shapero correctly explains that under Michigan law, collateral estoppel applies when:

> 1) there is identity of parties across the proceedings, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated and necessarily determined in the first proceeding, and 4) the party against whom the

>doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Semeniuk* at *4 (citing *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002)). The doctrine applies to state judgments confirming arbitration awards. *Cole v. W. Side Auto Employees Fed. Credit Union*, 229 Mich. App. 639, 647 (1998).

Semeniuk says Judge Shapero's opinion granting partial summary judgment for Tweedie, based upon collateral estoppel, is not supported by the findings of fact in the arbitration award. Specifically, she says the Bankruptcy Court erred because:

>[1] the adversary proceedings are not "virtually identical" based upon the Arbitration Award facts that are applicable to Hermoyian and not to Defendant/Appellant; and [2] that the findings of fact in the Arbitration Award as to Defendant/Appellant are not sufficiently clear, definite and unequivocal to permit a judicially deliberative ruling that the factual issues were actually litigated and necessarily determined in the Arbitration proceeding to support a conclusion of law by the Bankruptcy Court that the alleged claims of Plaintiff/Appellee against Defendant/Appellant are non-dischargeable.

Semeniuk's claims fail. The arbitrator's report, *in toto*, provides enough findings of fact, based in the record, to show Semeniuk is jointly and severally liable with Hermoyian for Tweedie's damages. In his findings, Judge Shapero—relying upon the arbitrator's report, the state court adopting the report, and the Bankruptcy Court's opinion in the Hermoyian proceedings—concluded that:

>The Judge in the Hermoyian opinion carefully analyzed the facts and all of the collateral estoppel elements and issues . . . [and], that (1) consistently and throughout the state court arbitration report and its findings, the arbitrator essentially always spoke of "Hermoyian and Semeniuk" together and did so in the same breath and in joint terms and made little or no distinction between them in coming to his conclusions; and (2) whatever factual distinctions there might be between the actions of Hermoyian and those of Semeniuk, if any exist, such were and are too minimal or immaterial to either (a) make any difference in the result or (b) be seen as making collateral estoppel inapplicable to this case or justifying relitigation of Semeniuk's case in this Court.

*Semeniuk* at *5.

After careful review of the arbitrator's report, the state court opinion adopting the report, and the Bankruptcy Court opinions in this and the Hermoyian cases, this Court finds no clear

error in the Bankruptcy Court's findings of fact. Furthermore, the Bankruptcy Court's consideration and application of the law was sound and correct.

**V. CONCLUSION**

The Court **AFFIRMS** the Bankruptcy Court's decision.

        /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 5, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 5, 2015.
>
> s/Linda Vertriest
> Deputy Clerk